IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**COLUMBIA STATE BANK,**

        Plaintiff,

        v.

**KEVIN J. O'MEARA, et al.,**

        Defendants.

No. 3:12-cv-00035-AC

OPINION AND ORDER

**MOSMAN, J.**,

On June 11, 2012, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [34] in the above-captioned case, recommending that I grant the motion to compel arbitration [7] filed by defendants Deirdre and Kevin O'Meara and stay the claims against them pending completion of any arbitration proceedings. Plaintiff, Columbia State Bank ("Columbia"), filed objections [39]. The moving defendants filed a response [45].

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or

1 – OPINION AND ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Arbitration clauses in the agreements at issue in this suit provide: "[A]ll disputes, claims and controversies . . . arising from [the agreements] or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the [AAA Rules] . . . upon request of either party." (Manfredi Dec. [9] Ex. 1). Columbia's principal argument in its objections seems to be that this clause does not apply because Columbia "elected to litigate the dispute rather than to arbitrate it." (Pl.'s Obj. [39] 2). According to Columbia, the "upon request of either party" language means that the party bringing a claim gets to choose whether to arbitrate. This argument, according to Columbia, is one for a court to address, not an arbitrator. (*Id*. at 2–3).[1] While this argument does present a question concerning the scope of the arbitration agreement— and therefore falls within a district court's role—I reject it. The plain meaning of the "upon request of either party" language is that either party may request arbitration and thereby trigger the arbitration obligation. One party's preference for court does not control.

---

[1] Judge Acosta did not expressly address this argument because it was apparently never presented to him. To the contrary, Columbia argued to Judge Acosta that it "is willing to arbitrate this dispute," just not pay arbitration filing fees. (Pl.'s Resp. to Mot. to Compel Arb. [13] 2). And it specifically argued that the "upon request of either party" phrase means "the parties are not required to arbitrate their dispute unless and until *one of the parties* requests to do so." (*Id*. at 3) (emphasis added).

2 – OPINION AND ORDER

Columbia also argues that the moving defendants never triggered the arbitration clause because they never paid an arbitration filing fee. I reject this argument because I agree with Judge Acosta that the moving defendants made a "request" to arbitrate this dispute. (F&R [34] 9). And I agree with Judge Acosta that the issue of who must pay the filing fee, once a party makes such a request, is an issue for the arbitrator. (*Id*.).

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [34] as my own opinion. The motion to compel arbitration [7] is GRANTED. The claims against the moving defendants are STAYED.

IT IS SO ORDERED.

DATED this   10th   day of August, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER